UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BARRINGTON GRAY,

                        Plaintiff,

           -against-

NASSAU COUNTY JAIL, NASSAU COUNTY
SHERIFF'S DEPARTMENT, NASSAU COUNTY
SHERIFF DZURENDA, CORRECTIONS OFFICER
RIPP, SGT. MCKINNEY, #294; DONNA L. HENNIG,
Head Nurse; OFFICER N/A, OFFICER N/A, OFFICER
N/A,

                        Defendants.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-02585 (JMA)(AYS)

**FILED**
**CLERK**
8/18/2020 11:49 am
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Incarcerated pro se plaintiff Barrington Gray ("plaintiff") filed a complaint on June 10, 2020 against the Nassau County Jail (the "Jail"), the Nassau County Sheriff's Department (the "Sheriff's Department"), Nassau County Sheriff Dzurenda ("Sheriff Dzurenda"), Corrections Officer ("C.O. Ripp"), Sgt. McKinney, Donna L. Hennig ("Hennig"), and three unidentified corrections officers. Plaintiff did not remit the filing fee, nor did he file an application to proceed in forma pauperis and the required Prisoner Litigation Authorization form ("PLRA"). Accordingly, by Notice of Deficiency, also dated June 10, 2020, plaintiff was instructed to either, within fourteen (14) days, remit the $400.00 filing fee or complete and return the enclosed in forma pauperis application and PLRA. (See ECF No. 3.) On June 22, 2020, plaintiff filed a letter describing his financial status and the PLRA. (See ECF Nos. 6-7.) On July 9, 2020, plaintiff filed an in forma pauperis application and another PLRA. On July 14, 2020, plaintiff filed an application for the appointment of pro bono counsel to represent him in this case. (See ECF Nos. 10-12.)

1

Upon review of plaintiff's submissions, the Court finds that he is qualified by his financial status to commence this action without prepayment of the Court's filing fee. Accordingly, plaintiff's application to proceed in forma pauperis is granted. However, for the reasons that follow, the complaint is sua sponte dismissed with prejudice as against the Jail and the Sheriff's Department pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) for failure to allege a plausible claim. Plaintiff's claims against Sheriff Dzurenda and Hennig are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Plaintiff's claims against C.O. Ripp and Sgt. McKinney shall proceed.[1] Plaintiff's application for the appointment of pro bono counsel is denied without prejudice and with leave to renew at a later stage in these proceedings, if so warranted at such time.

## I. BACKGROUND[2]

Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form with a handwritten one-page attachment. (See ECF No. 1.) Plaintiff alleges that on April 30, 2020, he slipped on a puddle of water by the showers at the Nassau County Correctional Center and fell. Plaintiff describes that "his legs did a split" and his "back was in so much pain." (Compl., Ex. A.) According to plaintiff, he requested assistance from the unidentified corrections officers present, but they laughed and told him to get up. (Id.) Sgt. McKinney is alleged to have then picked plaintiff up off the floor by pulling the back of his shirt and his neck. (Id.) Plaintiff claims he screamed in pain and requested medical assistance at which time C.O. Ripp allegedly

---

[1] Plaintiff does not provide any identifying information regarding the unnamed individual defendants. Accordingly, should plaintiff learn their identities during discovery, he may seek leave to amend the complaint at such time.

[2] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

2

told plaintiff that he would be maced if he asked for medical assistance again. (Id.) Plaintiff also claims that Officer Ripp slapped the back of plaintiff's head. According to plaintiff, he was then locked in his cell for the rest of the night and did not receive any medical treatment or medication until 12:00 p.m. the following day. (Id.) Plaintiff alleges that he has "bad siatic nerve damage and lower back pain" for which he is on medication. (Compl. II.A.) For relief, plaintiff seeks a damages award in the sum of $2 million.

## II.   DISCUSSION

### A.   In Forma Pauperis Application

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519,

3

520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.   Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for

4

vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a § 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).  "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003).  An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).  Where

5

a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Section 1983 Claims Against the Sheriff's Department and the Jail

Plaintiff names the Sheriff's Department and the Jail as defendants. However, neither the Sheriff's Department nor the Jail are suable entities because they are merely each an administrative arm of the municipality, Nassau County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)); Carthew v. Cnty. of Suffolk, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); see also Sturgis v. Suffolk Cnty. Jail, 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims because "the Jail and SCPD are administrative arms of the County of Suffolk [ ] [and] lack the capacity to be sued."); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued."). Therefore, plaintiff's claims against the Sheriff's Department and the Jail are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). However, given plaintiff's pro se status, the Court considers next whether plaintiff has alleged a plausible Section 1983 claim when construed as against Nassau County. For the reasons that follow, he has not.

### 2. Section 1983 Claim as Construed Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature

6

caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by an official with final decision making authority; (3) a practice so persistent and widespread that it constitutes a custom; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the pro se complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as against Nassau County.

7

### 3. Claims Against Sheriff Dzurenda and Hennig

As noted above (see supra at 5-6), pursuant to § 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation. Farid, 593 F.3d at 249 (citing Farrell, 449 F.3d at 484. "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut, 352 F.3d at 753. An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back, 365 F.3d at 127 (quoting Black, 76 F.3d at 74). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson, 360 F. App'x at 201.

Here, although plaintiff names Sheriff Dzurenda and Hennig as defendants in the caption, they are not again mentioned in the body of the complaint. Wholly absent are any allegations of conduct or inaction attributable to either of these defendants. Nor does plaintiff include any factual allegations such that the Court could reasonably construe a plausible Section 1983 supervisory liability theory. Accordingly, plaintiff's sparse allegations do not allege plausible claims as against Sheriff Dzurenda and Hennig and thus are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

### 4. Claims Against C.O. Ripp and Sgt. McKinney

Though thin, the Court declines to sua sponte dismiss plaintiff's claims alleged against C.O. Ripp and Sgt. McKinney at this early stage in the proceedings. Accordingly, such claims

shall proceed. Given the National Emergency caused by the COVID-19 pandemic, the Court requests that the Clerk of Court send a copy of this order, together with the complaint, to the Nassau County Attorney. The Court requests that the Nassau County Attorney accept service on behalf of these defendants. Nassau County need not undertake to defend these individuals. Rather, in the interests of efficiency and economy, acceptance by the County Attorney would obviate the need for service by the United State Marshal Service, which is presently suspended. See Admin. Orders 2020-12, 2020-19, 2020-19-1.

### III.     PRO BONO COUNSEL APPLICATION

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

9

The Court has reviewed plaintiff's application together with the complaint and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude—after considering the Hodge factors in the context of plaintiff's application and the complaint—that the appointment of counsel is warranted. Specifically, despite the concerns raised in plaintiff's motion, the Court concludes that plaintiff is able at this stage of the litigation to prosecute his case and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application at the time this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice to plaintiff hiring his own counsel to represent him in this matter.

## IV. CONCLUSION

For the forgoing reasons, plaintiff's application to proceed in forma pauperis is granted. However, the complaint is sua sponte dismissed with prejudice as against the Jail and the Sheriff's Department pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) for failure to allege a plausible claim. Plaintiff's claims against Sheriff Dzurenda and Hennig are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). Plaintiff's claims against C.O. Ripp and Sgt. McKinney shall proceed.

The Clerk of Court shall send a copy of this order, together with the complaint, to the Nassau County Attorney and requests that the Nassau County Attorney accept service on behalf of these defendants. Plaintiff's application for the appointment of pro bono counsel is denied without prejudice and with leave to renew at a later stage in these proceedings, if so warranted at such time.

10

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the plaintiff at his last known address.

**SO ORDERED.**

Dated:   August 18, 2020
        Central Islip, New York

                                               /s/ (JMA)
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE