UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
BARRINGTON GRAY,

Plaintiff,

-against-

COUNTY OF NASSAU, CORRECTIONS OFFICER RIPP and SGT. MCKINNEY #294

Defendants.
---------------------------------------------------X

Docket No.:20-cv-2585
JMA) (AYS)

**AMENDED VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff, BARRINGTON GRAY, by his attorneys, DELL & DEAN, PLLC, complaining of the Defendants, respectfully allege upon information and belief, as follows:

**<u>AS AND FOR A FIRST CAUSE OF ACTION</u>**

1. At all times hereinafter mentioned, Plaintiff, **BARRINGTON GRAY** was a resident of Nassau County Correctional Facility, 100 Carman Avenue, East Meadow, New York 11554, State of New York, County of Nassau, residing as prisoner ID number 2020-000-933 and currently a resident of Nassau County.
2. That the cause of action alleged herein arose in the county of Nassau, State of New York.
3. Upon information and belief, at all times herein mentioned, Defendant, **CORRECTIONS OFFICER RIPP, individually and as Corrections Officer of Nassau County**, was and still is a resident of the County of Nassau, State of New York.
4. Upon information and belief, at all times herein mentioned, Defendant, **SERGEANT MCKINNNEY #294, individually and as a Sergeant of Nassau County**, was and still is a resident of the County of Nassau, State of New York.
5. That on April 30, 2020, and at all times herein mentioned, Defendant **COUNTY OF NASSAU** was and still is a municipal corporation.

6. That on April 30, 2020, and at all times herein mentioned, the aforesaid premises was owned, operated, occupied, maintained, serviced, repaired, possessed, supervised, controlled by defendants, **COUNTY OF NASSAU**, through their agents, servants, employees, and/or assigns.
7. That upon information and belief, at all times herein mentioned, Defendant **CORRECTIONS OFFICER RIPP, Individually and as Corrections Officer of Nassau County**, through his agents, servants, employees, and/or assigns, operated, managed, maintained, possessed, supervised and controlled the premises located at Nassau County Correctional Facility, 100 Carman Avenue, East Meadow, New York 11554.
8. That upon information and belief, at all times herein mentioned, Defendant **SERGEANT MCKINNNEY #294, Individually and as Corrections Officer of Nassau County**, through his agents, servants, employees, and/or assigns, operated, managed, maintained, possessed, supervised and controlled the premises located at Nassau County Correctional Facility, 100 Carman Avenue, East Meadow, New York 11554.
9. That upon information and belief, at all times herein mentioned, Defendant **COUNTY OF NASSAU**, through their agents, servants, employees, and/or assigns, operated, managed, maintained, possessed, supervised and controlled the premises located at Nassau County Correctional Facility, 100 Carman Avenue, East Meadow, New York 11554.
10. That on April 30, 2020, and at all times herein mentioned, it was the duty of defendants, **CORRECTIONS OFFICER RIPP, Individually and as Corrections Officer of Nassau County**, through their agents, servants, employees, and/or assigns to maintain the premises in a reasonably safe condition.

11. That on April 30, 2020, and at all times herein mentioned, it was the duty of defendants, **SERGEANT MCKINNNEY #294, Individually and as Sergeant of Nassau County,** individually, through their agents, servants, employees, and/or assigns to maintain the premises in a reasonably safe condition.

12. That on April 30, 2020, and at all times herein mentioned, it was the duty of defendants, **COUNTY OF NASSAU**, through their agents, servants, employees, and/or assigns to maintain the premises in a reasonably safe condition.

13. On April 30, 2020 at approximately 6:15 P.M., while Plaintiff, **BARRINGTON GRAY**, was an inmate at the location known as Nassau County Correctional Facility, 100 Carman Avenue, East Meadow, New York 11554, County of Nassau, State of New York, he was caused to slip and fall on a puddle of water caused by a recurring leak and be violently precipitated to the ground resulting in severe agony, pain and personal and permanent injuries to said claimant as a result of the negligence, carelessness and gross negligence of the defendants **CORRECTIONS OFFICER RIPP, Individually and as Corrections Officer of Nassau County**.

14. On April 30, 2020 at approximately 6:15 P.M., while Plaintiff, **BARRINGTON GRAY,** was an inmate at the location known as Nassau County Correctional Facility, 100 Carman Avenue, East Meadow, New York 11554, County of Nassau, State of New York, he was caused to slip and fall on a puddle of water caused by a recurring leak and be violently precipitated to the ground resulting in severe agony, pain and personal and permanent injuries to said claimant as a result of the negligence, carelessness and gross negligence of the defendants **SERGEANT MCKINNNEY #294, Individually and as Sergeant of Nassau County**.

15. On April 30, 2020 at approximately 6:15 P.M., while Plaintiff, BARRINGTON GRAY, was an inmate at the location known as Nassau County Correctional Facility, 100 Carman

Avenue, East Meadow, New York 11554, County of Nassau, State of New York, he was caused to slip and fall on a puddle of water caused by a recurring leak and be violently precipitated to the ground resulting in severe, personal and permanent injuries to said claimant as a result of the negligence, carelessness and gross negligence of the defendants **COUNTY OF NASSAU**.

16. That after the above referenced slip and fall accident, plaintiff was then negligently and/or improperly not provided prompt or adequate medical care and/or assistance.
17. The above mentioned occurrence, and the results thereof, were caused wholly and solely by reason of the negligence, carelessness and gross negligence of the defendants, **COUNTY OF NASSAU**, their agents, servants, licenses, contractors, subcontractors, employees and other affiliates agencies and departments, and those acting under its direction behest, permission and control in the hiring of personnel, ownership, inspection, construction, repair, operation, management, maintenance, and control of the premises, fixtures and appurtenances located at Nassau County Correctional Facility, 100 Carman Avenue, East Meadow, New York 11554; and the defendants, **COUNTY OF NASSAU** were otherwise negligent, careless and reckless.
18. That upon information and belief, defendants, **COUNTY OF NASSAU** had actual notice of this defective condition in that this defendant created the condition and was present on a daily basis prior to the underlying accident.
19. That as a result of the foregoing, Plaintiff **BARRINGTON GRAY** was caused to sustain injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent, and as a result of said injuries, plaintiff **BARRINGTON GRAY** has been caused to incur, and will continue to incur, expenses for medical care and attention, and as a result, plaintiff, **BARRINGTON GRAY** was, and will continue to

be, rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

**AS AND FOR A SECOND CAUSE OF ACTION**

20. Plaintiff repeats, realleges and reiterates each and every allegation set forth from Paragraph "1" through "20", with the same force and effect as though set forth herein at length.
21. At all times mentioned herein, defendant **CORRECTIONS OFFICER RIPP, Individually and as Corrections Officer of Nassau County** was an employee of **COUNTY OF NASSAU** and represented he was competent to supervise, observe, assist and obtain medical treatment to detainees, including Plaintiff**, BARRINGTON GRAY**.
22. At all times mentioned herein, defendant **SERGEANT MCKINNNEY #294, Individually and as Sergeant of Nassau County** was an employee of COUNTY OF NASSAU and represented he was competent to supervise observe, assist and obtain medical treatment to detainees, including Plaintiff**, BARRINGTON GRAY.**
23. On April 30, 2020 at approximately 6:15 P.M., while Plaintiff, **BARRINGTON GRAY**, was an inmate at the location known as Nassau County Correctional Facility, 100 Carman Avenue, East Meadow, New York 11554, County of Nassau, State of New York, he was caused to slip and fall on a puddle of water and be violently precipitated to the ground, defendants refused to provide assistance to plaintiff and failed to offer and provide medical treatment resulting in severe, personal and permanent injuries to said claimant as a result of the negligence, carelessness and gross negligence of the defendants. Thereafter, Plaintiff BARRINGTON GRAY was not provided adequate and prompt medical attention.
24. At all material times, Defendants, their employees and/or agents, were acting under color of state law, within the scope of their employment and/or their agency relationship with

the County, and in concert with one another. These Defendants intentionally, outrageously, and recklessly disregarded plaintiff, **BARRINGTON GRAY's** rights under the United States and New York State Constitutions by the aforementioned acts/failures to act, including in failing to provide medical assistance to an injured BARRINGTON GRAY and refusing to provide medical treatment to BARRINGTON GRAY and in failing to provide a sanitary and humane living condition by allowing a recurring leak that crated puddles to exist for a significant period of time.

25. Defendants acted with an evil motive and intent, reckless disregard, and callous indifference to BARRINGTON GRAY's federally protected rights.

26. Defendants are liable under 42 U.S.C. § 1983 for all of the aforementioned reckless, outrageous, willful, wanton, malicious, and/or intentional acts and omissions, practices and policies of Defendants, while committed under color of state law, which resulted in the deprivation of BARRINGTON GRAY's federal constitutional rights, including, but not limited to:

    a. BARRINGTON GRAY's right to equal protection, enjoyment of civil and/or political rights, and right to be free from discrimination because of sex, race, age, disability, sexual orientation, religion, and any other protected class, in violation of the Fourteenth Amendment to the United States Constitution,

    b. BARRINGTON GRAY's right to due process and fair and just treatment in violation of the procedural component of the Fourteenth Amendment to the United States Constitution,

    c. BARRINGTON GRAY's right to beneficial and full use and enjoyment of his property in violation of the Fifth and Fourteenth Amendments to the United States Constitution,

d. BARRINGTON GRAY’s right to be free from arbitrary and unreasonable government action that deprives him of his rights in violation of the substantive due process clause of the Fourteenth Amendment to the United States Constitution and other laws, and

e. BARRINGTON GRAY’s right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution and other laws.

28. Defendants’ acts and omissions, acting under color of state law, were deliberately indifferent to the conduct of their individual employees and/or agents herein and such indifference was a proximate cause of such unconstitutional conduct and BARRINGTON GRAY’s injuries.

29. Defendants’ acts and omissions, under color of state law, by their own custom, policy, and/or practice of failing to properly screen and/or hire, train, evaluate, supervise, investigate, review and/or discipline their employees and/or agents were a proximate cause of the unconstitutional conduct herein alleged.

30. As a direct and proximate result of these policies, practices, and customs, BARRINGTONI GRAY was deprived of rights protected by the federal constitution as described above, including, but not limited to:

a. BARRINGTON GRAY’s right to equal protection, enjoyment of civil and/or political rights, and right to be free from discrimination because of sex, race, age, disability, sexual orientation, religion, and any other protected class, in violation of the Fourteenth Amendment to the United States Constitution,

b. BARRINGTON GRAY’s right to due process and fair and just treatment in violation of the procedural component of the Fourteenth Amendment to the United States Constitution,

c. BARRINGTON GRAY's right to beneficial and full use and enjoyment of his property in violation of the Fifth and Fourteenth Amendments to the United States Constitution,

d. BARRINGTON GRAY's right to be free from arbitrary and unreasonable government action that deprives him of his rights in violation of the substantive due process clause of the Fourteenth Amendment to the United States Constitution and other laws, and

e. BARRINGTON GRAY's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution and other laws

31. As a direct and proximate result of Defendants' conduct and constitutional violations, Plaintiff has suffered, conscious pain and suffering, injury and damages, past, present, and future, as set forth in the above and in the common allegations of this Complaint.

**WHEREFORE,** plaintiff, **BARRINGTON GRAY**, prays for judgment against the defendants **CORRECTIONS OFFICER RIPP, Individually and as Corrections Officer of Nassau County**, **SERGEANT MCKINNNEY #294, Individually and as Sergeant of Nassau County**, herein on all causes of action, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Garden City, New York
July 16, 2024


Jay J. Massaro, Esq.
DELL & DEAN, PLLC
Attorney for Plaintiff
*Barrington Gray*
1225 Franklin Avenue, Suite 360
Garden City, NY 11530
(516) 880-9700